LILES, Acting Chief Judge.
Appellant was charged by information with robbery, arson and assault to commit murder. He subsequently was adjudicated guilty and sentenced to life imprisonment as to Count One and two ten-year sentences to run concurrently as to arson and assault to commit murder. He was represented at all critical stages in the proceedings by his privately employed attorney.
Appellant filed in pro. per. a motion under CrPR 1.850, 33 F.S.A. to vacate and set aside the sentence and as grounds for the motion alleged that he had been “guaranteed” no more than five to ten years and possible probation; that this had been the inducement to obtain a plea of nolo contendere; and that he plead nolo contendere without knowing what the plea meant.
Following the filing of his Rule 1 motion an evidentiary hearing was held and the court denied the motion.
Prior to sentencing and plea the following colloquy took place before the court between the appellant and his attorney:
“Ray, you and I have had several conversations regarding the disposition of this case. Is that correct?
MR. WILLIS: Yes, sir.
MR. EDMUND: Have I told you that the Court has promised me anything as regards your sentence if you should withdraw your plea of not guilty?
MR. WILLIS: No.
MR. EDMUND: I have told you, though, I would request His Honor refer you for a pre-sentence investigation and allow you to remain on bond during the investigation ?
MR. WILLIS : Yes, sir.
MR. EDMUND: I have told you what I thought the sentence would be based *144 upon my experience and nothing else. Is that correct?
MR. WILLIS: Yes, sir.
MR. EDMUND: Have you been threatened in any way ? Has anyone made you any promises to elicit this change of plea from you?
MR. WILLIS: No.
MR. EDMUND: I have told you that I felt your case was a most difficult case to defend. I thought your interest would be best served by withdrawing your plea of not guilty and entering a plea of nolo contendere. Is that correct?
MR. WILLIS: That’s correct.
MR. EDMUND: Based upon our conversation and my explanation to you as to the facts of the case, as I see them, what you are anticipating from the pre-sentence investigation and the ultimate sentence, will you at this time allow me to withdraw your plea of not guilty and enter a plea of nolo contendere?
MR. WILLIS: Yes, sir.
MR. EDMUND: Does Your Honor have any questions?
THE COURT: Are you doing this freely and voluntary, realizing now that the fact that you are pleading nolo con-tendere, that the Court will take testimony and can, if the testimony is sufficient, as I assume it will be, will adjudge you to be guilty, and that the fact that you would be referred for a pre-sentence investigation does not mean that you will get probation?
MR. WILLIS: Yes, sir, I understand.
MR. EDMUND: As a matter of fact, have I explained to you there is one charge in this offense that actually the statute prohibits placing a person on probation, that is the robbery, it has a life sentence and there is no probation for a life sentence? I have explained this to you ?
MR. WILLIS : Yes, sir.
MR. EDMUND : Maybe I have been interpreting the statute incorrectly.
THE COURT: I think that is correct.
MR. EDMUND: On a life sentence a person cannot be put on probation if adjudicated guilty.
Did I also explain to you as a conse-sequence of the nolo contendere plea, it’s been my experience that the vast majority of people, I think I used the percentage of 99% who entered a nolo con-tendere plea was adjudicated guilty before they were sentenced. I explained this to you?
MR. WILLIS: Yes.
MR. EDMUND: I explained in my opinion you would be adjudicated guilty notwithstanding your plea of nolo con-tendere.
MR. WILLIS: Yes, sir.
THE COURT: All right, sir, based on that statement the Court will accept a plea of nolo contendere and will arrange a date — due to the death of Mr. Perkins, I don’t believe any one feels like taking the testimony in it this morning — we will set a date for the taking of the testimony.”
It therefore appears from the record that the appellant willfully, intelligently and knowingly entered his plea of nolo contendere and the trial court was correct in denying his motion for relief.
Affirmed.
PIERCE and MANN, JJ., concur.